# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
Civil Action No. _____

| | |
|---|---|
| RICHARD W. IRBY and RACHEL GEORGE,<br><br>        Plaintiffs<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | **COMPLAINT FOR REFUND OF INTERNAL REVENUE TAXES**<br>(Jury Trial Demanded) |

Plaintiffs Richard W. Irby and Rachel George, for their Complaint against Defendant United States of America, state as follows:

## NATURE OF THE ACTION

1. Plaintiffs Richard W. Irby and Rachel George, pursuant to 26 U.S.C. § 7422, bring this civil action for refund of $166,133 of internal revenue taxes erroneously collected for a loss sustained in the 2008 tax year. Plaintiffs' 2008 loss created a net operating loss that was carried back to 2005.

2. Plaintiffs, Richard W. Irby and Rachel George ("the Irbys") are citizens of the United States of America, whose mailing address is 315 Wilderness Road, Tryon, North Carolina 28782. Their social security numbers are XXX-XX-0177 and XXX-XX-9065, respectively.

3. The Irbys incurred a theft loss in 2008 from various unsecured, unregistered, illegal investments offered by Michael J. McNaul, II, et al. (hereinafter referred to as "McNaul").

4. The Defendant is the United States of America.

1

## JURISDICTION AND VENUE

5. The Plaintiffs adopt and incorporate by reference Paragraphs 1 – 4 above.

6. This is a suit arising under 26 U.S.C. § 7422 and the laws of the United States for the refund of income taxes erroneously collected from the Plaintiffs.

7. Jurisdiction is conferred upon the Court by 28 U.S.C. § 1346(a)(1). Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(1) because the Plaintiffs reside in this judicial district.

## GENERAL ALLEGATIONS – MCNAUL LOSS

8. The Plaintiffs adopt and incorporate by reference Paragraphs 1 – 7 above.

9. The Irbys invested $1,172,000 with McNaul. The Irbys' McNaul investment has a basis of $1,172,000.

10. On March 16, 2006 the Irbys obtained a $310,000 and $124,000 interest in Anadarko Joint Venture 2B through Confidential Information Memorandum. *See attached Exhibit 1*.

11. On August 23, 2006 the Irbys obtained a $198,000 interest in Alliance Leasing Sooner Trend JV 2 through Confidential Information Memorandum. *See attached Exhibit 2*.

12. On April 25, 2007 the Irbys obtained a $540,000 interest in Pawnee Pipeline Joint Venture through Confidential Information Memorandum. *See attached Exhibit 3*.

13. The Irbys only received two checks for a total of $300 since their first investment in 2006.

14. The Irbys first learned of irregularities with their investments when they were notified by the filing of the Securities and Exchange Commission's complaint against McNaul and others alleging fraud and operation of a Ponzi scheme in the United States District court for the District of Kansas, Case No. 08-1159-JTM-DWB on May 28, 2008.

15. On December 10, 2008, the District Court for the District of Kansas determined that 87.1% of investors' funds had been lost due to fraud and Ponzi scheme payments and ordered the balance of investors' funds be reorganized by the receiver in a separate venture.

16. In 2008, the Irbys realized their 87.1% of their investment with McNaul would not be recovered, and as such, the Irbys filed an amended 2008 tax return to claim their loss.

17. The Irbys set forth that their basis in the defrauded investment with McNaul, for I.R.C. § 165 purposes, is $1,020,812.

18. On October 19, 2009, the Irbys filed with the Internal Revenue Service Center at Atlanta, Georgia a 1040X amended return for 2008 to amend their return for an I.R.C. § 165(c)(2) loss . This loss created a "net operating loss" (NOL) which, as a theft loss, was carried back for three years to 2005 pursuant to I.R.C. § 172(b)(1)(f) and resulted in an over- payment of tax in the amount of $166,133 set forth on the 2008 Form 1040X. . *Copy of the Irby's 2005 Form 1040, and the October 19, 2009, 1040X Amended Return for both 2008 and 2009are attached as Exhibit 4, 5 and 6 respectively.*

19. On October 31, 2011, the Internal Revenue Service Appeals Office issued a full disallowance of the Irbys' claims.

## MICHAEL J. McNAUL, II

20. The Plaintiffs adopt and incorporate by reference Paragraphs 1 – 19 above.

21. Michael J. McNaul, II, et al owned, controlled and/or were affiliated with the following companies: 1) Alliance Leasing, LLC; 2) Consolidated Management Group, LLC; 3) Golden Belt Transportation, LLC; 4) Garner Management, LLC; 5) Forrest Energy, LLC; 6) Warren Drilling, LLC; 7) Warren Drilling, LLC; 8) Warrick Drilling, LLC; 9) Pawnee Iron Works,

LLC; 10) Mid Kan Operating, LLC; 11) T&D Oil Service, LLC; and 12) Consumer Information Network, Inc.

22. McNaul was primarily in the business of raising capital to purchase oil drilling equipment leases structured to evade the securities laws.

23. McNaul sold these securities by making numerous misrepresentations, omissions, half-truths and outright falsehoods, concerning, among other things, the purported success and profitability of the ventures, the background and experience of management, and the safety and risks of the investment.

24. McNaul lured potential investors with the promise of annual returns of 25-40% and an even more lucrative initial public offering ("IPO") resulting in returns as high as 3-8 times their investments.

25. McNaul was actually using the illegally obtained investments primarily to pay lavish salaries and diverting funds from later investors to pay earlier one, *i.e.* Ponzi payments.

26. On May 28, 2008, the Securities and Exchange Commission filed a complaint with the United States District Court for the District of Kansas requesting, among others, to issue a preliminary and permanent injunction enjoining McNaul from violating Sections 5(a), 5(c), and 17(a) of the Securities Act and Section 10(b) of the Exchange Act, and Exchange Act Rule 10b-5.

27. On June 3, 2008, the District Court for the District of Kansas appointed a receiver and issued a preliminary and permanent injunction and ordered that the assets of McNaul be frozen.

28. On December 10, 2008, the District Court for the District of Kansas bifurcated investors' investments. The Court determined that 87.1% of investor funds had been lost due to fraud

4

and Ponzi payments. The remaining 12.9% remained in the control of the receiver which represented assets which could not reasonably be liquidated.

## 26 U.S.C § 165(c)(2)

29. The Plaintiffs adopt and incorporate by reference Paragraphs 1 – 28 above.

30. Under 26 U.S.C § 165(a), a deduction is allowed for any loss sustained during the taxable year and not compensated by insurance or otherwise. This includes losses incurred in any transaction entered into for profit. 26 U.S.C. § 165(c)(2).

31. Under 26 U.S.C § 165(e), any loss arising from theft shall be treated as sustained during the taxable year in which the taxpayer discovers the loss. The word "theft" is a word of "general and broad connotation, intended to cover and covering any criminal misappropriation of another's property to the use of the taker, particularly including theft by swindling, false pretenses, and any other form of guile." *Edwards v. Bromberg*, 232 F.2d 107 (5th Cir. 1956).

32. A theft loss is not deductible under 26 U.S.C § 165(a) for the taxable year in which the theft actually occurs unless that is also the year in which the taxpayer discovers the loss. Treas. Reg. § 1.165-8(a)(2). However, if, in the year of discovery, there exists a claim for reimbursement with respect to which there is a reasonable prospect of recovery, no portion of the loss with respect to which there is a reasonable prospect of recovery may be sustained under §165, until it can be ascertained, with reasonable certainty, whether or not such reimbursement will be received. Treas. Reg. § 1.165-1(d)(2)(i). Whether a reasonable prospect of recovery exists is a question of fact to be determined upon an examination of all facts and circumstances. *Id.*

33. The court in *Johnson v. U.S.*, 74 Fed.Cl. 360 (2006), 99 A.F.T.R.2d 2007-328, held that a taxpayer may, in the year of discovery, take a loss for which there is no reasonable prospect

of recovery. However, if there is a reasonable prospect of recovery in the year of discovery, the taxpayer must wait until the recovery is finalized before taking the loss. *Id* at 366.

34. The illegal activities of McNaul were initially discovered in 2008 by way of the complaint and injunction issued by the U.S. District Court for the District of Kansas. Thereafter, as a result of the bifurcation of their investments on December 10, 2008, it was clear in 2008 to unsecured investors like the Irbys that they would not recover 87.1% of their investments.

## COUNT ONE – MCNAUL LOSS

35. The Plaintiffs adopt and incorporate by reference Paragraphs 1 – 34 above.

36. The Plaintiffs set forth herein that their loss was discovered in 2008, when the U.S. District Court for the District of Kansas issued its order bifurcating their investment, thus eliminating any reasonable prospect of recovery for unsecured creditors as to 87.1% of their investment.

37. McNaul was operating a fraudulent investment scheme and illegal Ponzi scheme, and as a result, committed theft against the Irbys.

38. The Plaintiffs set forth that their basis in the investment with McNaul, for 26 U.S.C § 165 purposes, is $1,028,812, which represents 87.1% of their investments.

39. Less than two (2) years have elapsed since the Plaintiffs received the IRS disallowance letter. No action on the claim for refund has been taken by Congress or any agency, or in any judicial proceeding, including any in U.S. Tax Court.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues triable by jury in this matter.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Richard W. Irby and Rachael George Irby respectfully request a judgment in their favor and against the Defendant the United States of America in the amount of $166,133, plus all interest and penalties assessed, if applicable, or such amount allowed by law, plus interest, attorney's fees, and costs allowed by law, and for such other and further relief as the Court may deem appropriate.

Respectfully submitted this 18th day of July, 2012.

       s/ Mary E. Euler
Mary E. Euler N.C. Bar No. 25799
*Attorney for Plaintiffs*
McGuire, Wood & Bissette, P.A.
48 Patton Avenue
Asheville, N.C. 28801
Tel.: 828/254-8800
Fax: 828/252-2437
E-mail: meuler@mwbavl.com

4827-7884-1871, v. 1